UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW CLARKE | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 18-2192 (KBJ) |
| UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEYS | ) ) ) ) ) ) | |
| Defendant. | **)** **)** | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant United States Department of Justice, ("DOJ"), Executive Office for United States Attorney ("EOUSA") respectfully moves this Court to enter summary judgment in its favor in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, because there is no genuine issue of material fact, and Defendant is entitled to a judgment as a matter of law.  In support of this motion, Defendant respectfully refers the Court to the accompanying memorandum of points and authorities and statement of material facts as to which there is no genuine issue.  A proposed Order consistent with this motion is attached hereto.

Plaintiff, who is proceeding *pro se*, should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); and Local Civil Rule 7.

Respectfully submitted,

TIMOTHY J. SHEA, D.C. BAR # 437437
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

By: \_\_\_\_/s/_____
PATRICIA MCBRIDE
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 252-7123
patricia.mcbride@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANDREW CLARKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 18-2192 (KBJ) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, EXECUTIVE OFFICE | ) | |
| FOR UNITED STATES | ) | |
| ATTORNEYS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7(h)(1), Defendant Executive Office for United States Attorneys (hereinafter "Defendant" or "EOUSA") hereby submits this statement of material facts as to which there is no genuine issue. This statement is supported by the Declarations of Ebony Griffin and Gisele Bryant (hereinafter "Griffin Decl." and "Bryant Decl.").

1. By letter dated July 14, 2017, EOUSA received a Freedom of Information Act (hereinafter "FOIA") request from Plaintiff Andrew Clarke (hereinafter "Plaintiff") dated July 14, 2017 (hereinafter "July 14 Request") and assigned FOIA No. 2017-002202. Griffin Decl. ¶ 5; Bryant Decl. ¶ 5; Exh. 1; Exh. 2.

2. Plaintiff's July 14 Request sought "all records related to the ministerial records of the Grand Jury in the United States v. Andrew Clarke…maintained in the regular course of business of the clerk of courts for the District of New Jersey." Griffin Decl. ¶ 5; Exh. 1.

3. On or about July 20, 2017, EOUSA mailed to Plaintiff a response letter withholding

in full the grand jury records requested, pursuant to FOIA Exemptions (b)(3), in conjunction with 18 U.S.C. § 3509 and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 6(e), (b)(5), (b)(6) and (b)(7)(C); 5 U.S.C. § 552(b)(3) in conjunction with 18 U.S.C. § 3509 and Fed. R. Crim. P. 6(e), (b)(5), (b)(6) and (b)(7)(C). Griffin Decl. ¶ 6; Exh. 1.

4. On November 1, 2017, Plaintiff appealed the EOUSA FOIA response to the Office of Information Policy (OIP), assigned Appeal No. DOJ-AP-2018-000496. Griffin Decl. ¶ 6; Exh. 1.

5. On March 21, 2018, OIP affirmed EOUSA's decision to withhold grand jury records citing FOIA Exemptions (b)(3), in conjunction with the Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 6(e). As a discretionary release, OIP released to plaintiff the six-page grand jury indictment, which is publically available. Griffin Decl. ¶ 8; Exh. 1.

6. On April 11, 2019, EOUSA asked United States Attorney's Office for the New Jersey District ("USAO/NJ") by electronic form to conduct a search for potentially responsive records related to "Grand Jury Records." EOUSA was informed by USAO/NJ that two transcripts were located. Griffin Decl. ¶ 9; Bryant Decl. ¶ 10; Exh. 1; Exh. 2..

7. On May 30, 2019, EOUSA requested a clarified search, specifically for "Ministerial" Grand Jury Records. Griffin Decl. ¶ 9; Bryant Decl. ¶ 12; Exh. 1; Exh. 2.

8. On or about May 30, 2019, USAO/NJ notified EOUSA that there were "no responsive records" located pertaining to "Ministerial" Grand Jury records. Griffin Decl. ¶ 9; Exh. 1.

Respectfully submitted,

TIMOTHY J. SHEA, D.C. BAR # 437437
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

By: \_\_\_\_/s/_____
PATRICIA MCBRIDE
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 252-7123
patricia.mcbride@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDREW CLARKE<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, EXECUTIVE OFFICE<br>FOR THE UNITED STATES<br>ATTORNEYS<br><br>        Defendant. | Civil Action No: 18-2192 (KBJ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case arises under Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552, as amended, and pertains to the request of Plaintiff, Andrew Clarke, (hereinafter "Plaintiff") who is proceeding *pro se*, for records from the Executive Office for United States Attorneys (hereinafter "Defendant" or "EOUSA"). As set forth in the accompanying declaration, Defendant conducted a reasonable search of agency records and has not improperly withheld any responsive records from Plaintiff. Accordingly, Defendant respectfully moves this Court for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

    **I.**    **STATEMENT OF FACTS**

Defendant hereby incorporates Statements of Undisputed Material Facts filed contemporaneously with this Motion.

## II.     STANDARD OF REVIEW

Summary judgment must be granted where no genuine dispute exists as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987). Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find that he or she is entitled to relief. In *Celotex Corp. v. Catrett*, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986).

FOIA cases are often decided on motions for summary judgment. *Wheeler v. U.S. Dep't of Justice*, 403 F. Supp. 2d 1, 5 (D.D.C. 2005). A defendant is entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive record that it has located was either produced to Plaintiff or is exempt from disclosure. *Weisberg v. U.S. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). If an agency submits an affidavit that "describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption," and "is not contradicted by contrary evidence in the record or by evidence on the agency's bad faith, then summary judgment is warranted on the basis

of the affidavit alone." *ACLU v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011).

To meet its burden, a defendant may rely on reasonably detailed non-conclusory declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). Such declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).

The Court may award summary judgment solely based on the information provided in declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (internal quotations omitted).

The pleadings in this case, the attached statement of undisputed material facts, the Declarations of Ebony Griffin and Gisele Bryant, and the exhibits attached thereto establish that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law.

### III.    ARGUMENT

As of the filing of this motion, Defendant has provided Plaintiff with all relevant information Plaintiff requested that did not fall within a FOIA exception or exemption. As no further dispute exists in this matter, the instant action should be dismissed as moot. Furthermore, to the extent that FOIA exceptions or exemptions have been utilized in providing responsive

documents to Plaintiff, all such exceptions and exemptions were properly invoked and applied. Therefore, no genuine issue of material fact exists in the instant matter and judgment should be granted for Defendant.

### A. Legal Requirements of Reasonable Search.

An agency's search for records in the context of a FOIA case is adequate if it was "reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation marks omitted); *Campbell v. Dep't of Justice*, 164 F.3d 20, 27-28 (D.C. Cir. 1998). The agency must explain the "scope and method of the search [in] reasonable detail[,]" but need not provide "meticulous documentation [of] the details of an epic search." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982); *see also Wolf v. CIA*, 569 F. Supp.2d 1, 7 (D.D.C. 2008). Rather, the agency must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "There is no requirement that an agency search every record system." *Id.* Specifically, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890, 892 (D.C. Cir. 1995) (holding that agency need only make "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested").

A search is not inadequate merely because it failed to "uncover[] every document extant," *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 11947, 1201 (D.C. Cir. 1991). A search's adequacy is measured by the methods employed, not by the results obtained. *Weisberg*, 745 F.2d at 1485.

An agency can establish that it has performed a good faith search by submitting a declaration specifying the search terms used and type of search performed, and averring that all files likely to contain responsive records were searched. *Stephens v. Dep't of Justice*, 26 F. Supp. 3d 59, 66 (D. D.C. 2014) (citing *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir.1973). Courts accord agency affidavits "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc.* v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)). The Declarations of Gisele Bryant and Ebony Griffin demonstrate that EOUSA has more than satisfied this standard in connection with Plaintiff's FOIA request.

### B. Defendant Conducted a Reasonable Search in Response to Plaintiff's Requests.

The EOUSA search, which is described in detail in the Ebony Griffin and Gisele Bryant Declarations, satisfied the obligations under FOIA. An agency's search will be deemed reasonable if the agency searches the "places most likely to contain responsive documents." *Carter, Fullerton & Hayes v. FTC*, 637 F. Supp. 2d 1, 7 (D.D.C. 2009). "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Ancient Coin Collectors Guid v. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011); *see also Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

As detailed in the Bryant Declaration in particular, EOUSA's search for responsive records was conducted using the Caseview database, which is a database used to track all civil, criminal, and appellate investigations, cases and matters in the United States Attorney's Offices,

including the United States Attorney's Office-New Jersey (hereinafter "USAO/NJ"). Bryant Decl. ¶ 7; Exh. 2. The Caseview system allows for retrieval of information regarding open and closed investigations, cases, and matters within the USAO/NJ. *Id.* The database identified a closed criminal case and its related pending appeal involving Plaintiff. Bryant Decl. ¶ 8; Exh. 2. The criminal case listed in the database is the case that Plaintiff requested as the matter through which he sought Grand Jury records. *Id.* A search of the criminal case records was subsequently made to locate any and all Grand Jury records related to Plaintiff. Bryant Decl. ¶ 10; Exh. 2. A search of Plaintiff's criminal file, where Grand Jury records are regularly kept during the normal course of business, was completed and the file contained two (2) Grand Jury transcripts related to Plaintiff's indictment. *Id.* The Grand Jury records were reviewed with the Assistant U.S. Attorney (hereinafter "AUSA") who handled the Plaintiff's criminal case. Bryant Decl. ¶ 11; Exh. 2.

An additional search, as requested by EOUSA, related to the Grand Jury records was completed, which included all locations likely to contain responsive records. Bryant Decl. ¶ 12, 15; Exh. 2. The search was performed using the District Court of New Jersey's PACER website to collect any information on Grand Jury commencements, terminations, and/or extensions, and resulting in only public records of Plaintiff's case. Bryant Decl. ¶ 13; Exh. 2. The search disclosed that Plaintiff had previously made a motion to the court for ministerial records maintained by the Clerk of the Court. *Id.* The Appeals AUSA who was identified in Caseview as handling the appeal related to Plaintiff was contacted. Bryant Decl. ¶ 14; Exh. 2; The AUSA indicated that Plaintiff has a pending application before the Third Circuit seeking a writ of mandamus and included a motion filed by Plaintiff to compel disclosure of Grand Jury records. *Id.* Additionally, the USAO/NJ Grand Jury Coordinator (hereinafter "Coordinator") identified

and searched all locations likely to contain responsive records and the Coordinator stated that there were no additional Grand Jury transcripts related to Plaintiff's criminal case and provided information related to the empanelment of the Grand Jury that decided to indict Plaintiff. Bryant Decl. ¶ 14; Exh. 2.

The search for Plaintiff's sought after records was reasonably calculated to uncover relevant documents, and thus adequate under FOIA, because it targeted employees likely to possess relevant records and accurately described the records that Plaintiff's FOIA request sought. *See Davis v. Dep't of Justice*, 970 F. Supp.2d 10, 16 (D.D.C. 2013) (finding search reasonable because the agency queried a case tracking database and sent emails to personnel who might have responsive records).

"[A]ffidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance [with FOIA].'" *Wolf v. CIA*, 569 F. Supp.2d 1, 7 (D.D.C. 2008). The description of EOUSA and USAO/NJ search of the Caseview and Pacer databases and Ms. Bryant's description of the search and canvassing of USAO attorneys and staff for responsive records demonstrates that EOUSA and USAO/NJ satisfied that standard. As of the date of this filing, Plaintiff has not provided any evidence that EOUSA's search was inadequate. Thus, defendant is entitled to summary judgment on Plaintiff's claims.

### C. Defendant Properly Withheld Exempt Materials Pursuant to FOIA Exemptions 3, 5, 6, and 7(C)

Defendant properly withheld documents responsive to Plaintiff's FOIA request pursuant to FOIA Exemptions 3, 5, 6, and 7(C). These records were withheld in full under FOIA exemptions described below.

### 1. Defendant Properly Applied Exemption 3 In Conjunction With Rule 6(e) of the Federal Rules of Criminal Procedure.

Title 5 U.S.C. Sec 552(b)(3) protects information that is "specifically exempted from disclosure by statute provided that such statute (other than section 552(b) of this title), provided that the statute (A) requires that the matter be withheld in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." Defendant properly applied Exemption 3 to withhold Federal grand jury information.

It has long been recognized that Rule 6(e) qualifies as a FOIA exemption (b)(3) statute. *See*, *e.g. Lopez v. U.S. Dep't of Justice*, 393 F.3d 1345, 1348 (D.C. Cir. 2005) (noting that the District of Columbia recognized long ago that requests for documents related to grand jury investigations implicate FOIA's third exemption because Rule 6(e) prohibits government attorneys and others from "disclos[ing] a matter occurring before the grand jury." *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867-68 (D.C. Cir. 1981) (the argument that the Federal Rules of Criminal Procedure are not "statutes" for FOIA Exemption (b)(3) purposes was soundly rejected with respect to Rule 6(e)). Rule 6(e) is precise in its description of the circumstances under which grand jury information may be disclosed, none of which are applicable here. See Fed. R. Crim. P. 6(e)(3). Information related to a grand jury matter may be withheld under FOIA Exemption 3 "if the disclosed material would tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses." *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013) (quotation marks omitted).

The withheld material falls within the scope and coverage of Rule 6(e). In order to effectuate Rule 6(e)'s objectives, "the scope of the secrecy is necessarily broad." *Fund for*

*Constitutional Gov't*, 656 F.2d at 869 (quoting *SEC v. Dresser Indus.*, Inc., 628 F.2d 1368, 1382 (D.C. Cir. 1980)).  However, in order to apply Fed. R. Crim. P. 6(e) with Exemption 3, it is necessary to establish a nexus between the release of the information and the divulgence of a protected aspect of the grand jury's investigation.  *Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 584 (D.C. Cir. 1987).  "The touchstone is whether disclosure would 'tend to reveal some secret aspect of the grand jury's investigation,' [such as] 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.'"  *Senate of Puerto Rico*, 823 F.2d at 582, citing *Dresser Indus., Inc.*, 628 F.2d at 1382.

The records Defendant withheld under Exemption 3 in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure contain federal grand jury information. Griffin Decl. ¶ 11; Exh. 1.  The withheld information consists of two grand jury transcripts identified in Exh. 1. Disclosing this information would run the risk of piercing the of cloak of grand jury secrecy because the release of information could reveal the identities of subpoenaed witnesses, reveal the inner workings of the grand jury, disclose the confidential direction the grand jury was taking, and publicize the historically secret aspect of grand jury proceedings. Release of this information would constitute a violation of Rule 6(e), and thus Defendant properly withheld the information under FOIA Exemption 3.

### 2. Defendant Properly Applied Exemption 5.

Title 5 U.S.C. Sec 552(b)(5) protects "inter-agency or intra agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency."  The work-product doctrine privilege serves to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  *Hickman v. Taylor*, 329 U.S. 495, 509-

510 (1947). The work-product doctrine is intended to shelter "the mental processes of the attorney." *United States v. Noble*, 422 U.S. 225, 238 (1975). The litigation anticipated need not be imminent, as long as the motivating factor behind the creation of the document was to aid in possible future litigation. *U.S. v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981); *A. Michael's Piano, Inc. v. Federal Trade Comm'n*, 18 F.3d 138, 146 (2d Cir. 1994) (attorney work product doctrine protects factual materials prepared in anticipation of litigation); *Hickman*, 329 U.S. 495 at 511.

EOUSA invokes Exemption 5 to protect documents that contain government attorney's legal strategies, research, opinion and legal impression of their criminal case. Griffin Decl. ¶ 19; Exh. 1. In this instance, USAO/NJ presented information to a grand jury, which eventually resulted in the indictment and conviction of Plaintiff. Griffin Decl. ¶ 18; Exh. 1.

### 3. Defendant Properly Applied Exemption 6 and 7(C).

Exemptions 6 and 7(C) are asserted by EOUSA to protect third party information. The release of personally identifiable information could subject the users to an unwarranted invasion of their personal privacy, which could lead to efforts to contact individuals directly, gain access to their personal information, or subject them to harassment or harm. Griffin Decl. ¶ 24; Exh. 1. The information withheld constitutes names and other personally identifiable information contained in the transcript record. *Id.* Plaintiff has failed to establish a public interest in the disclosure of this information that outweighs the privacy interest of the named third-party individuals. Griffin Decl. ¶ 25; Exh. 1.

#### a. Exemption 6

Title 5 U.S.C. Sec 552(b)(6) protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." "[S]imilar files" has been interpreted by the Supreme Court to include all information that applies

to a particular individual." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999), quoting *Dept. of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). To determine whether a disclosure would create a "clearly unwarranted invasion of personal privacy," the interest of protecting an individual's private affairs from unnecessary public scrutiny and the "public's right to governmental information" must be balanced. *Lepelletier v. FDIC*, 164 F.3d at 46 (interior quotation marks omitted), citing *United States Dept. of Defense v. FLRA*, 964 F.2d 26, 29 (D.C. Cir. 1992), quoting *Dept. of Air Force v. Rose*, 425 U.S. 352, 372 (1976).

The Supreme Court has limited the notion of "public interest" under the FOIA: "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Lepelletier v. FDIC*, 164 F.3d at 46. Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* "Something, even of modest privacy interest, outweighs nothing every time." *National Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989).

### b. Exemption 7

Defendant properly withheld responsive records from Plaintiff pursuant to FOIA exemption 5 U.S.C. § 552(b)(7)(C). The FOIA, 5 U.S.C. § 552, does not apply to matters that are:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

*Id.*; *North v. U.S. Dep't of Justice*, 774 F. Supp. 2d 217, 224 (D.D.C. 2011). Law enforcement within the meaning of FOIA Exemption 7 includes enforcement pursuant to both civil and criminal

statutes.  *See, e.g.*, *Tax Analysts v. Internal Revenue Service*, 294 F.3d 71, 76-77 (D.C. Cir. 2002).

In determining whether or not the invasion of privacy would be warranted, the invasion of personal privacy must be balanced against the public interest in disclosure.  *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); see *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999); *Beck v. U.S. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Appleton v. FDA,* 451 F. Supp. 2d 129, 145-46 (D.D.C. 2006).  The FOIA plaintiff bears the burden of establishing for the Court that the public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests. *Senate of Puerto Rico*, 823 F.2d at 588; *see also Schwaner v. Dep't of the Army*, 696 F. Supp. 2d 77 (D.D.C. 2010); *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

The Supreme Court has broadly interpreted the personal privacy interests protected by Exemption 7(C).  *Id.*; see *Reporters Comm. for Freedom of the Press*, 489 U.S. at 765-66 (recognizing a strong privacy interest in individualized information collected by law enforcement agencies).  Indeed, it has long been recognized that disclosing information about an individual's involvement in law enforcement proceedings may constitute an unwarranted invasion of personal privacy for purposes of Exemption 7(C). *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) ("On the privacy side of the ledger, our decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants").

Exemption 7(C) protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. *Reporters Comm. for Freedom of the Press v. U.S. Dep't of Justice*, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), *rev'd* on other grounds, 489

U.S. 749 (1989); *Computer Prof'ls for Social Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996). An agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. *Reporters Comm. for Freedom of the Press*, 489 U.S. at 780; *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); *SafeCard Servs., Inc.*, 926 F.2d at 1206.

The names of individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity. *Computer Prof'ls for Social Responsibility*, 72 F.3d at 904; *Farese v. U.S. Dep't of Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987). Furthermore, the fact that a requester might be able to figure out individuals' identities through other means or that their identities have been disclosed elsewhere does not diminish their privacy interests. *Fitzgibbon v. CIA*, 911 F.2d 755 (D.C. Cir. 1990); *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1491 (D.C. Cir. 1984).

### IV. DOJ Released All Reasonably Segregable Portions of a Record After Deletion of Portions Which Are Exempt.

An agency must provide the FOIA requestor with any reasonably segregable portion of a record after deletion of the portions which are exempt. 5 U.S.C. § 522(b). Segregable information that is "inextricably intertwined" with exempt material need not be provided. *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002).

The "'burden is on the agency' to show that the requested material falls within a FOIA exemption." *Judicial Watch, Inc. v. DOJ*, 800 F. Supp. 2d 202, 209 (D.D.C. 2011); *Petroleum Info. Corp. v. Dep't of the Interior,* 976 F.2d 1429, 1433 (D.C.Cir.1992). The agency is entitled to a presumption that it complied with its obligation to disclose reasonably segregable material.

*Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). If the requester successfully rebuts this presumption, the burden lies with the agency to show that no segregable, non-exempt portions were withheld. *Id.*

Here, Ms. Griffin's declaration and *Vaughn* index show that DOJ withheld only information exempt under the applicable FOIA and Privacy Act exemptions and that all reasonably segregable material had been released to Mr. Clarke. Griffin Decl. ¶ 26. She conducted a line by line review of the records withheld and determined that the segregability of the records was not reasonably possible due to the nature and content of the protected information. *Id.* All releasable information was provided to Mr. Clarke. *Id.*

## IV.    CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court dismiss the Complaint with prejudice or, in the alternative, grant summary judgment for Defendant.

                          Respectfully submitted,

                          TIMOTHY J. SHEA, DC Bar # 437437
                          United States Attorney

                          DANIEL F. VAN HORN, D.C. BAR # 924092
                          Chief, Civil Division

By:    \_\_\_\_/s/_____
        PATRICIA MCBRIDE
        Assistant United States Attorney
        Judiciary Center Building
        555 4th St., N.W.
        Washington, D.C.  20530
        (202) 252-7123
        patricia.mcbride@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Motion for Summary Judgment, Statement of Facts, and Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment has been made through first class mail on this 11th day of March 2020 to:

ANDREW CLARKE
R #18086-050
JESUP FEDERAL CORRECTIONAL INSTITUTION
2600 Highway 301 South
Jesup, GA 31599

                              By:    \_\_\_\_/s/_____
                                    PATRICIA MCBRIDE
                                    Assistant United States Attorney