UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW CLARKE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPT. OF JUSTICE, ) <br> UNITED STATES ATTORNEYS, ) <br> EXECUTIVE OFFICE ) <br> ) <br> Defendant. ) <br> ) | CASE NO.: Case No. 18-2192 (KBJ) |

## DECLARATION OF EBONY GRIFFIN

I, Ebony Griffin, declare the following under 28 U.S.C. § 1746:

1.   I am currently employed as an Attorney-Advisor with Freedom of Information Act/Privacy Act ("FOIA/PA") staff of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I have been employed in this capacity since December 2018. Prior to my current position with EOUSA, I worked as a Law and Policy Advisor with the Department of Labor (DOL), in FOIA and Privacy Act matters, involving embezzlement and election misconduct within labor unions. I conducted record searches across program offices and processed all phases of FOIA and Privacy Act requests to agency personnel. On many occasions in my DOL capacity, I provided legal advice on active litigation with DOJ to defend the government in FOIA and Privacy Act cases. As an attorney with EOUSA, I work as a liaison among other divisions and offices of DOJ, providing advice on responding to requests for access to information located in this and the other 93 districts of the United States Attorneys' Offices ("USAOs"). Further, I review the adequacy of searches

Case 1:18-cv-02192-ACR   Document 26-1   Filed 03/11/20   Page 2 of 7

E. Griffin Decl. Clarke v. DOJ
Case No. 18-2192 (KBJ)

conducted in response to requests and FOIA determinations made by EOUSA staff to ensure that the processing of records and determinations to disclose or withhold responsive records are made in accordance with FOIA, Privacy Act, and DOJ regulations at 28 C.F.R. §§ 16.3 *et. seq.* and § 16.40 *et seq.*, and pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

2. Due to the nature of my responsibilities, I am familiar with the procedures followed by this office in responding to the FOIA requests submitted to EOUSA by plaintiff, Andrew Clarke ("plaintiff"). Additionally, I have reviewed the Complaint that is the basis of the lawsuit and which this declaration addresses. I am also familiar with the FOIA request submitted by plaintiff that EOUSA assigned FOIA Request No. EOUSA-2017-002202.

3. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity as an Attorney-Advisor, and upon conclusions and determinations reached and made in accordance therewith.

4. The purpose of this declaration is to provide the Court with information regarding EOUSA's efforts to respond to plaintiff's FOIA request. This declaration consists of: (i) relevant correspondence related to plaintiff's FOIA request and EOUSA's responses thereto, and (ii) information supporting the *Vaughn* Index, identified here as Attachment ("Att.") A, to this declaration, for documents responsive to plaintiff's FOIA requests, but withheld from disclosure pursuant to FOIA Exemptions (b)(3), in conjunction with 18 U.S.C. § 3509 and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 6(e), (b)(5), (b)(6) and (b)(7)(C); 5 U.S.C. § 552(b)(3) in conjunction with 18 U.S.C. § 3509 and Fed. R. Crim. P. 6(e), (b)(5), (b)(6) and (b)(7)(C), and in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert denied*, 415 U.S. 977 (1974).

## I. ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA/PA REQUEST

5. By letter dated July 14, 2017, EOUSA received a FOIA request from the Plaintiff seeking, "all records related to the ministerial records of the Grand Jury in the United States v. Andrew Clarke…maintained in the regular course of business of the clerk of courts for the District of New Jersey." I respectfully refer the Court to plaintiff's letter, attached hereto as Attachment A, for a true and accurate statement of the contents of thereof.

6. On or about July 20, 2017, EOUSA mailed to Plaintiff a response letter withholding in full the grand jury records requested, pursuant to FOIA Exemptions (b)(3), in conjunction with 18 U.S.C. § 3509 and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 6(e), (b)(5), (b)(6) and (b)(7)(C); 5 U.S.C. § 552(b)(3) in conjunction with 18 U.S.C. § 3509 and Fed. R. Crim. P. 6(e), (b)(5), (b)(6) and (b)(7)(C). *See* Att. A.

7. Plaintiff appealed the EOUSA FOIA response on November 1, 2017, to the Office of Information Policy (OIP), assigned Appeal No. DOJ-AP-2018-000496.

8. On March 21, 2018, OIP affirmed EOUSA's decision to withhold the grand jury records, citing FOIA Exemptions (b)(3), in conjunction with Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 6(e). As a discretionary release, OIP released to the plaintiff the six-page grand jury indictment, which is publically available. *See* Att. B.

9. By electronic form on April 11, 2019, EOUSA asked United States Attorney's Office for the New Jersey District ("USAO/NJ) to conduct a search for potentially responsive records related to "Grand Jury Records." EOUSA was informed by USAO/NJ that two transcripts were located. On May 30, 2019, EOUSA requested a clarified search, specifically for, "Ministerial" Grand Jury Records. On or about May 30, 2019, USAO/NJ notified EOUSA that there were "no responsive records" located pertaining to "Ministerial" Grand Jury records.

*E. Griffin Decl. Clarke v. DOJ*
*Case No. 18-2192 (KBJ)*

## II. DESCRIPTION OF INFORMATION WITHHELD AND RATIONALE FOR THE WITHHOLDING

10. The narrative description of the information withheld as provided in this declaration and in the *Vaughn Index* is intended to provide the Court and plaintiff with an understanding of the transcript material being protected from disclosure.

   a. *Records Withheld Pursuant to the Exemption 3*

11. Specifically, the documents that are being protected by FOIA exemption (b)(3), in conjunction with 18 U.S.C. § 3509(d) are the two grand jury transcripts that are identified in the *Vaughn* Index. *See* Att. A

12. Exemption 3 protects information that is specifically exempted from disclosure by statute…provided that such statute (A) requires that the matter be withheld in such a manner as to leave no discretion on…. or (B) establishes particular criteria for withholding or refers to particular types of matter to be withheld.

13. Federal Rule of Criminal Procedure 6(e)(2)(B) is a statue that leaves no discretion about the decision to withhold information from the public.

14. Government attorneys and other individuals specified by statute are prohibited from disclosing information related to matters occurring before the grand jury.

15. USAO/NJ presented evidence to the grand jury that ultimately resulted in an indictment and conviction of plaintiff on various counts of conspiracy to transport stolen vehicles. Plaintiff now seeks copies of any grand jury transcripts related to the government's investigation of plaintiff's criminal acts.

16. Releasing any information to plaintiff would run the risk of piercing of grand jury cloak of secrecy by revealing information contemplated by the determining body.

*E. Griffin Decl. Clarke v. DOJ*
*Case No. 18-2192 (KBJ)*

### b. *Records Withheld under Exemption 5 – Attorney Work Product*

17. The attorney-work product privilege of Exemption 5 protects "inter-agency or intra agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The attorney work-product privilege is incorporated into Exemption 5 and serves to protect documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney work-product privilege protects and insulates the attorney's preparation in cases that may lead to litigation.

18. As long as specific claims have been identified which make litigation possible, the attorney-work product privilege would apply. In this instance, USAO/NJ presented information to a grand jury that eventually resulted in the indictment and conviction of plaintiff for conspiracy to transport stolen vehicles.

19. FOIA Exemption (b)(5) – attorney work product privilege is being asserted to protect documents that contain government attorneys' legal strategies, research, opinion and legal impression of their criminal case. This is precisely the type of information Exemption 5 was designed to protect.

20. The information being withheld from disclosure pursuant to the attorney work-product privilege includes are two grand jury transcripts related to plaintiff criminal case.

21. The records that are being protected by the attorney-work product privilege are identified in the V*aughn* Index. *See* Att. A.

### c. *Records Withheld under Exemption 6 and 7(C) – Privacy*

22. Exemption 6 protects from disclosure records related to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. To determine whether Exemption 6 would protect the information in question from

disclosure, EOUSA must determine whether 1) the information in question is contained in personnel, medical, or "similar" files, and 2) disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy by balancing the public's right to disclosure of the information against the individual's right to privacy.

23.     Exemptions 7 protects from disclosure "records or information that was compiled for law enforcement purposes, but only to the extent that the production the law enforcement records or information fits within one of the exemptions specified exemption described in 7(A) through 7(F). Law enforcement within the meaning of FOIA Exemption 7 includes enforcement pursuant to both civil and criminal statutes. *See, e.g., Tax Analysts v. Internal Revenue Service,* 294 F.3d 71, 76-77 (D.C. Cir. 2002).

24.     In this instance, Exemption 7(C) was asserted to protect from disclosure from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). With regards to FOIA No. 2017-002202, the information being protected from public disclosure relates to witness names. For purposes of both Exemption 6 and 7C, the information that is being withheld constitutes names and other personally identifiable information contained in the transcript records.

25.     For purposes of both Exemption 6 and 7C, the release of personally identifiable information could subject the users to an unwarranted invasion of their personal privacy by leading to efforts to contact them directly, gain access to their personal information, or subject them to harassment or harm. There is no countervailing public interest that warrants the release of the individuals' personally identifiable information and its dissemination would not help explain the government's activities or operations. The need to protect the individuals' privacy

rights far outweighs the public need for the disclosure of the users' personally identifiable information.

26. I conducted a line-by-line review of the records withheld and determined that segregability of the records was not reasonably possible due to the nature and content of the protected information.

27. The information protected under Exemptions 6 and 7C is described in the Vaughn Index, attached hereto as Attachment A.

28. The information sought to be protected in the Grand Jury record are the names of confidential witnesses, which appears throughout the transcript. This was done to protect the identity of these individuals.

29. The records that are being protected under Exemptions (b)(6) and (b)(7)(C) are identified in the *Vaughn* Index as Bates Numbers 00001 – 000064

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 17th day of June, 2019.

_____
Ebony Griffin
Attorney-Advisor
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff