UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANDREW CLARKE                       )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. 18-2192 (KBJ)
                                    )
EXECUTIVE OFFICE FOR UNITED         )
STATES ATTORNEYS,                   )
EOUSA/FOIA/PA UNIT, AND             )
OFFICE OF INFORMATION &             )
PRIVACY, UNITED STATES              )
DEPARTMENT OF JUSTICE,              )
                                    )
        Defendants.                 )
                                    )

---

## DECLARATION OF GISELE W. BRYANT

I, Gisele W. Bryant, declare as follows:

1.      I am the Freedom of Information Act ("FOIA") and Privacy Act ("PA") point of contact for the United States Attorney's Office for the District of New Jersey ("USAO/NJ"). In this capacity, I serve as a liaison (or FOIA Coordinator) to the FOIA/PA Staff for the Executive Office for United States Attorneys ("EOUSA") in Washington, D.C., which processes and responds to FOIA/PA requests when requested records are identified as likely to be located in the USAO/NJ.

2.      My duties include receiving and reviewing requests made pursuant to FOIA, 5 U.S.C. § 552, and/or the PA, 5 U.S.C. § 552a, for records maintained by, or located in, the USAO/NJ. I am responsible for the searches conducted by the USAO/NJ for records

responsive to FOIA/PA requests. As such, I am familiar with USAO/NJ records systems and databases.

3.    The statements I make in this declaration are based on my review of the official files, records and correspondence of the USAO/NJ and my own personal knowledge, or on the basis of knowledge acquired by me through the performance of my official duties.

4.    I understand that this declaration may be used in support of a motion to dismiss or a motion for summary judgment filed by the Plaintiff in the above-captioned lawsuit.

5.    Due to the nature of my official duties, I am familiar with the procedures followed by the USAO/NJ in responding to FOIA/PA requests, including the request made by Plaintiff to the Department of Justice, EOUSA, received on July 14, 2017 and assigned FOIA No. 2017-002202, which is the subject of this action.   Plaintiff requested copies of "all records related to the ministerial records of the Grand Jury in United States v. Andrew Clarke 1:13-021."   In July 2017, EOUSA sent a letter to Plaintiff denying this request for grand jury records.   The Department of Justice received the federal court complaint in this case on August 31, 2018.

6.    On April 8, 2019, EOUSA requested that I perform a search for Plaintiff's Grand Jury records.

7.    I conducted a systematic search that began with a determination of the location of any and all files relating to Plaintiff.   The specific computer case tracking

system utilized in searching for records pertaining to Plaintiff is Caseview.[1]    The Caseview database is used to track all civil, criminal, and appellate investigations, cases, and matters in the United States Attorneys' Offices, including USAO/NJ.   The Caseview system allows for retrieval of information regarding open and closed investigations, cases, and matters within the USAO/NJ based on parties' names, USAO/NJ case jacket numbers, and Court case docket numbers.  I utilized the Caseview system to locate any records identifiable by the name Andrew Clarke and the Court case docket number.

8.     My search of the Caseview system identified a closed criminal case and its related pending appeal involving Plaintiff Andrew Clarke.   The criminal case listed in Caseview is the case that the Plaintiff identified in his request as the matter for which he sought Grand Jury records.

9.     On April 11, 2019, I contacted the Records Department, the Docketing Department, and the Assistant U.S. Attorney ("AUSA") who was identified by the Caseview database as handling the criminal matter related to the Plaintiff Andrew Clarke. The criminal case records were located in a storage area of the Criminal Division.

10.     Upon identification of Plaintiff's files, I thoroughly searched through the criminal case records to locate the any and all Grand Jury records related to the Plaintiff. I searched only the Plaintiff's criminal file because Grand Jury records are regularly kept in

---

[1] Caseview replaced LIONS, the previous electronic tracking system; the information contained in the LIONS database was incorporated into the Caseview database.

3

the criminal files of a case (not within appellate case records) during the normal course of business and because Plaintiff provided the docket number of the criminal case to be searched. The files contained two (2) Grand Jury transcripts related to Plaintiff's indictment that were subsequently forwarded to EOUSA for review.

11.    Between April 11, 2019, and April 21, 2019, I discussed and reviewed the Grand Jury case records with the AUSA who handled the Plaintiff's criminal case.

12.    On or about May 30, 2019, EOUSA requested an additional search of "ministerial" records related to the Grand Jury.

13.    To continue my search in response to request, I performed a search of the District Court of New Jersey's PACER website to collect any information on Grand Jury commencements, terminations, and/or extensions, and found only public records pertaining to his criminal court case.    However, this search disclosed that the Plaintiff had previously made a motion to the court for ministerial records maintained by the Clerk of the Court. The Court indicated it would deny his application, but Plaintiff's appeal divested the district court of jurisdiction.

14.    On April 11, 2019, I contacted the Appeals AUSA, who was identified by Caseview as handling the appeal related to Plaintiff Andrew Clarke.    The Appeals AUSA indicated that Plaintiff Clark had a pending application before the Third Circuit Court of Appeals (case #16-3031) seeking a writ of mandamus and included, among other things, a motion filed by Appellant Andrew Clarke to compel disclosure of Grand Jury records.

4

15.   I have identified and searched all locations likely to contain responsive records. I also requested that USAO/NJ Grand Jury Coordinator do the same. The USAO/NJ Grand Jury Coordinator stated there were no additional Grand Jury transcripts related to Criminal Case # 13-021 and provided information related to the empanelment of the Grand Jury that decided to indict Plaintiff Andrew Clarke.

16. The USAO/NJ search for documents related to Plaintiff's FOIA request was performed in accordance with its standard procedures for handling FOIA/PA requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2019.

GISELE W. BRYANT
Paralegal Specialist

5