# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ANDREW CLARKE**, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-02192 (ACR) |
| **DEPARTMENT OF JUSTICE**, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Andrew Clarke brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to obtain information maintained by the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"). After initially denying Plaintiff's request in full, EOUSA renewed its efforts after receiving Plaintiff's suit, eventually identifying and withholding two grand jury transcripts.

DOJ has now filed a Motion for Summary Judgment, Dkt. 26. At issue are the adequacy of EOUSA's search and the propriety of its claimed exemptions. Plaintiff opposes the Motion, Dkt. 29 (Opposition to Defendant's Motion for Summary Judgment) (hereinafter "Plf's Opp.") but does not put forth material evidence of his own; dispute the substance of DOJ's Statement of Material Facts, Dkt. 26 (DOJ's Statement of Undisputed Material Facts) (hereinafter "DOJ's SMF"); or challenge the assertions made in DOJ's supporting declarations, Dkt. 26-1 (Declaration of Ebony Griffin) (hereinafter "Griffin Decl.") and Dkt. 26-2 (Declaration of Gisele

1

Bryant) (hereinafter "Bryant Decl.").[1]  The Court, satisfied with DOJ's detailed declarations, is persuaded that EOUSA conducted an adequate search and properly applied FOIA exemptions in withholding documents.  The Court therefore **GRANTS** Defendant's Motion for Summary Judgment, Dkt. 26.

**I. BACKGROUND**

On July 14, 2017, Plaintiff submitted a FOIA request to EOUSA seeking, "all records related to the ministerial records of the Grand Jury in the United States v. Andrew Clarke . . . maintained in the regular course of business of the clerk of courts for the District of New Jersey." Dkt. 26-4 (FOIA Request dated July 14, 2017); Plf's Opp. ¶ 9; DOJ's SMF ¶ 2; Griffin Decl. ¶ 5. Less than a week later, EOUSA denied Plaintiff's FOIA request in full on the basis that "[g]rand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3) . . ." and that, because "Rule 6(e) of the Federal Rules of Criminal Procedure . . . provides that grand jury proceedings shall be secret, disclosure of grand jury information is prohibited by law." Dkt. 26-3 (Letter from EOUSA to Clarke, dated July 20, 2017) (cleaned up); Plf's Opp. ¶ 10; DOJ's SMF ¶ 3.  Plaintiff appealed EOUSA's decision to the Office of Information Policy ("OIP") which affirmed the full denial in a letter dated March 21, 2018. Dkt. 26-5 (Letter from OIP to Clarke, dated March 21, 2018) (hereinafter "OIP Letter"); Griffin Decl. ¶ 8.  OIP did release to plaintiff "the six-page grand jury indictment, which is publicly available, and which contains some of the information [Plaintiff sought]." *Id*.

Plaintiff filed this suit on August 31, 2018.  Dkt. 1 ("Complaint").  On April 11, 2019, presumably in response, EOUSA requested that the United States Attorney's Office for the

---

[1] Plaintiff's Counterstatement of Material Fact challenges Defendant's SMF only on the grounds that "not all the exhibits referenced and mentioned were included in the response from the EOUSA or attached declarations." Dkt. 28 at 5.  Defendant remedied that issue by providing Plaintiff a copy of the *Vaughn Index*.  Dkt. 31 (Defendant's Status Report, dated May 19, 2020).

District of New Jersey (the "District" or "USAO/NJ") "search for potentially responsive records related to 'Grand Jury Records.'" DOJ's SMF ¶ 6; Griffin Decl. ¶ 9; Bryant Decl. ¶ 12. The District's FOIA Coordinator, Gisele Bryant, states that she searched an internal case-tracking database which identified "a closed criminal case and its related pending appeal involving Plaintiff Andrew Clarke." Bryant Decl. ¶ 8. Follow-ups with "the Records Department, the Docketing Department and the Assistant U.S. Attorney" to whom Plaintiff's case was assigned yielded "two . . . Grand Jury transcripts related to Plaintiff's indictment that were subsequently forwarded to EOUSA for review." *Id.* ¶ 9–10.

On May 30, 2019, EOUSA "requested a clarified search for 'Ministerial' Grand Jury Records related to the Grand Jury." *Id.* ¶ 12. In response, Ms. Bryant "performed a search of the District Court of New Jersey's PACER website to collect any information on Grand Jury commencements, terminations, and/or extensions, and found only public records pertaining to [Plaintiff's] criminal court case." *Id.* ¶ 13. She also asked the "USAO/NJ Grand Jury Coordinator" to conduct a search for relevant records. *Id.* ¶ 15. "[No] additional Grand Jury transcripts related to [Plaintiff's] Criminal Case" were found. *Id.* She thus advised EOUSA "that there were 'no responsive records' located pertaining to 'Ministerial' Grand Jury records." Griffin Decl. ¶ 9; DOJ's SMF ¶ 8; *see* Plf's Opp. ⁋ 11.

Plaintiff later clarified that his "request for the 'Ministerial Records' of the Grand Jury, is specifically for the start and end of service dates of the Grand Jury that indicted him." Dkt. 19 (Plaintiff's Statement of Material Fact in Response to DOJ's First Motion for Summary Judgment) ¶ 12. By letter dated September 5, 2019, the Assistant United States Attorney assigned to this civil action advised Plaintiff that "the grand jury was empaneled on May 3, 2012, and expired November 2013. A superseding indictment was returned by the grand jury

empaneled April 18, 2013 and expired November 2014." Dkt. 48-1 (Letter from DOJ to Clarke, dated September 5, 2019) at 1.

## II. LEGAL STANDARD

This Court generally subjects pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Gray v. Poole*, 275 F.3d 1113, 1115 (D.C. Cir. 2002) (cleaned up). That leeway does not, however, "extend to the evidence required at summary judgment, as courts hold pro se plaintiffs to the same evidentiary burdens and presumptions as represented plaintiffs." *Penkoski v. Bowser*, 548 F. Supp. 3d 12, 20 (D.D.C. 2021).

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Judicial Watch v. Dep't of the Navy*, 25 F. Supp. 3d 131, 136 (D.D.C. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). "A genuine issue of material fact is one that would change the outcome of the litigation." *Butt v. United States Dep't of Just.*, 2020 WL 4436434, at *3 (D.D.C. Aug. 3, 2020).

In FOIA cases, the Court may grant summary judgment based on an agency's supporting affidavits or declarations, as long as they are "relatively detailed and non-conclusory." *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991). If the agency withholds information, "summary judgment on the basis of . . . agency affidavits is warranted if the affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The Court reviews the record *de novo* and the agency bears the burden of proving compliance with its obligations under

4

FOIA.  5 U.S.C. § 552(a)(4)(B); *see Military Audit Project*, 656 F.2d at 738.  This case, like a "vast majority" of FOIA cases, can be decided on summary judgment.  *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).

## III. DISCUSSION

### A. Adequacy of the Search

In opposing Summary Judgment, Plaintiff does not challenge the scope or method of EOUSA's searches, but instead protests that specific records of interest to him have not been produced.  *See* Dkt. 28 (Plaintiff's Counter-Statement of Material Facts) ¶ 2.  In support of his claim, he emphasizes that, although "ministerial records" would include court orders reflecting the dates on which the grand jury was empaneled, extended, and terminated, EOUSA located only transcripts.  *Id.*  Additional "ministerial" records may exist, but Plaintiff fails to provide any evidentiary support (1) establishing that EOUSA and USAO/NJ maintain court records in the regular course of business or (2) identifying any obligation on EOUSA to maintain or obtain records originating from a separate branch of government.  Nor can Plaintiff claim that he has not received any responsive information – the Assistant United States Attorney assigned to this case provided the start and end dates of the grand jury that indicted him and OIP sent him "the six-page grand jury indictment . . . which contains some of the information [Plaintiff sought]."  Dkt. 48-1 ("DOJ Letter"); Dkt. 47 (Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment) ¶ 6; OIP Letter; Griffin Decl. ¶ 8.

At bottom, Plaintiff's argument fails because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."  *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).  An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that

its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citation and internal quotation marks omitted).

At the summary judgment stage, the Court may rely on an agency's "reasonably detailed [declarations], setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)) (internal quotation marks omitted). Such declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs.*, 926 F.2d at 1200 (citation and internal quotation marks omitted). However, "if the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

Based on the declarations that EOUSA has submitted, the Court finds that EOUSA's search was "reasonably calculated to uncover all relevant documents." *See Ancient Coin Collectors Guild*, 641 F.3d at 514. In response to Plaintiff's FOIA request, the District's FOIA Coordinator located the closed file associated with Plaintiff's criminal case, where "Grand Jury records are regularly kept . . . during the normal course of business." Bryant Decl. ¶¶ 7–10. A physical search of the file yielded two Grand Jury transcripts. *Id.* ¶ 10. The FOIA Coordinator concluded that no additional responsive records could be located only *after* contacting the Records Department, the Docketing Department, the Assistant United States Attorneys assigned to Plaintiff's criminal case, and the Grand Jury Coordinator, all to no avail. *See id.* ¶¶ 9, 14-15.

6

Here, EOUSA demonstrates that its searches were reasonably calculated to locate records responsive to Plaintiff's request. The fact that EOUSA did not uncover and produce the documents that Plaintiff thinks it should have is not a viable theory of liability and is insufficient to survive summary judgment without evidence that EOUSA's search was insufficient or defective. Plaintiff presents no such evidence.

B. Exemptions

EOUSA properly withheld grand jury transcripts responsive to Plaintiff's request. Exemption 3 protects information that is "specifically exempted from disclosure by statute . . . provided that the statute (i) requires that the matter be withheld in such a manner as to leave no discretion on the issue, or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). "[R]equests for documents related to grand jury investigations implicate FOIA's third exemption, because Rule 6(e) of the Federal Rules of Criminal Procedure prohibits government attorneys and others from 'disclos[ing] a matter occurring before the grand jury.'" *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (quoting FED. R. CRIM. P. 6(e)(2)(B)). While "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers," an agency may withhold grand jury material if its disclosure "would tend to reveal some secret aspect of the grand jury's investigation." *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

EOUSA's search yielded two "grand jury transcripts related to the government's investigation of [P]laintiff's criminal acts" including the evidence that USAO/NJ "presented . . . that ultimately resulted in the indictment and conviction of [P]laintiff on various counts of conspiracy to transport stolen vehicles." Griffin Decl. ¶ 15. Releasing the transcripts, "risk[s]

7

piercing [the grand jury's] cloak of secrecy by revealing information contemplated by the determining body." *Id.* ¶ 16.  Because "a grand jury transcript itself epitomizes the sensitive details of the proceedings that Congress sought to keep protected," *Sanders v. Obama*, 729 F. Supp. 2d 148, 156 (D.D.C. 2010), *aff'd sub nom. Sanders v. U.S. Dep't of Justice*, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011) (per curiam), EOUSA properly withheld both transcripts in full, *see Liounis v. Krebs*, 2019 WL 7176453, at *1 (D.C. Cir. Dec. 19, 2019) (per curiam) (affirming district court decisions to withhold in full grand jury transcript and grand jury exhibits under Exemption 3); *Borda v. U.S. Dep't of Justice, Crim. Div.*, 306 F. Supp. 3d 306, 317 (D.D.C. 2018) ("Grand jury transcripts . . . are the prototypical grand jury material exempt from disclosure under Rule 6(e), and are thus protected from disclosure by Exemption 3.").[2]

**III. CONCLUSION**

The Court concludes that EOUSA conducted a reasonable search for records responsive to Plaintiff's FOIA request and that it properly withheld two grand jury transcripts in full under Exemption 3.  Accordingly, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment, Dkt. 26, and **DIRECTS** the Clerk of Court to **CLOSE** this matter.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).


DATE: March 13, 2023

                                                 Ana C. Reyes
                                                 United States District Judge

---

[2] This Court need not address whether any other exemptions protect the information contained in the transcripts because they were properly withheld under Exemption 3.